**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|    ROBERT F. STILLMAN | : | |
|    EILEEN M. STILLMAN, | : | |
| | : | Bky. No. 12-14931 ELF |
|                    Debtors. | : | |

# O R D E R

AND NOW WHEREAS:

1. On **May 15, 2013**, Fox Chase Bank ("FCB") filed a Motion to Enforce the Provisions of the Confirmed Reorganization Plan ("the Motion"). (Doc. # 61).

2. Debtors Robert F. Stillman and Eileen M. Stillman ("the Debtors") filed a response to the Motion on **May 28, 2013**. (Doc. # 63).

3. A hearing on the Motion was held and concluded on **June 18, 2013**, after which the court took the matter under advisement.[1]

         \*         \*         \*         \*

4. The Debtors commenced this bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on **May 21, 2012**. (Doc. # 1).

5. At the Debtors' request, the case was converted to chapter 13 by order dated **August 3, 2012**. (Doc. # 22).

6. In their bankruptcy schedules, the Debtors disclosed their ownership of six (6) pieces of real

---

[1] The parties declined the opportunity offered to submit post-hearing memoranda in support of their respective positions.

estate, including an investment property located at 41 W. Spruce Street, Norristown, PA ("the Property"). (Doc. # 1, Schedule A).

7. The Property is encumbered by a mortgage held by FCB and real estate taxes owed to the Montgomery County Tax Claim Bureau and the Norristown Area School District. (Doc. # 1, Schedule D)

8. Paragraph 2.F. of the Debtors' Second Amended Chapter 13 Plan ("the Plan") provides for the "surrender" of the Property to FCB. (See Doc. # 49).

9. "Surrender" is an option in the Bankruptcy Code for the treatment of a secured claim in a chapter 13 plan. See 11 U.S.C. §1325(a)(5)(C).

10. A chapter 13 plan that provides for the surrender of property requires the debtor to relinquish all rights in the collateral and imposes an obligation on the debtor to take the necessary steps to effect the surrender, or at least not to impose obstacles in the path of a creditor taking legal action to realize the collateral that the plan proposes to surrender. See, e.g., In re Scope, 2010 WL 376380, at *6-7 (Bankr. E.D. Pa. Jan. 26, 2010) (citing authorities).[2]

11. The Plan was confirmed by order of the court dated **December 18, 2012**. (Doc. # 55).

12. 11 U.S.C. §1327 provides that the provisions of s confirmed plan "bind the debtor and each creditor."

---

[2] At the hearing, the Debtors argued that the statutory term "surrender," as employed in the Plan imposed no affirmative obligations on the Debtors, but meant only that the Debtors "would not try to retain the Property through the bankruptcy process." Respectfully, I find this interpretation of the Plan strained. Because the term "surrender" is not defined or described in the Plan, the obvious inference to be drawn is that its meaning was intended to be identical to the statutory term "surrender" found in §1325(a)(5)(C). I am aware of no case law that supports the Debtors' position regarding the meaning of "surrender" under §1325(a)(5)(C). In fact, the definition suggested by the Debtors is far more consistent with an entirely different option available for treating secured claim in a chapter 13 plan: i.e., "not providing for" the claim. See In re Janssen, 396 B.R. 624, 628 n.3 (Bankr. E.D. Pa. 2008).

\*      \*      \*      \*

13. Since the confirmation of the Plan:

    a. The Debtors declined FCB's request that they execute and deliver a deed-in-lieu of foreclosure with respect to the Property.

    b. FCB then commenced an action in mortgage foreclosure in the Court of Common Pleas, Montgomery County ("the Foreclosure Action").

    c. The Debtors responded to the mortgage foreclosure complaint by filing preliminary objections.

14. Based on the foregoing, the court concludes that the Debtors have not complied with their obligation to surrender the Property to FCB pursuant to Paragraph 6.F. of the confirmed Plan.

It is therefore **ORDERED** that:

1. The Motion is **GRANTED**.

2. **On or before July 8, 2013**, the Debtors shall:

    a. **WITHDRAW** the preliminary objections that they filed in the Foreclosure Action.

    b. **ENTER INTO AN APPROPRIATE STIPULATION** for the entry of judgment in favor of FCB in the Foreclosure Action.

3. If the Debtors fail to comply with their obligations under Paragraph 2 above, FCB may file a Certification of Default in this Court and Request for a Hearing.

4. If FCB files a Certification of Default and Request for a Hearing pursuant to Paragraph 3, the court will schedule a prompt hearing to determine the appropriate remedy, **which may include dismissal of this bankruptcy case or other contempt sanctions for violation of this order**.

**Date: June 20, 2013**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

cc:   Robert F. Stillman
      108 Red Rambler Drive
      Lafayette Hill, PA 19444

      Eileen M. Stillman
      108 Red Rambler Drive
      Lafayette Hill, PA 19444